# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 00-20553
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIGIDO MARTINEZ,

Defendant-

Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-726-1
--------------------------------------------------------------
March 30, 2001

Before EMILIO M. GARZA, STEWART AND PARKER, Circuit Judges:

PER CURIAM:[*]

Brigido Martinez appeals his conviction and sentence for one count of illegal reentry of a previously deported alien pursuant to 8 U.S.C. § 1326(a), (b)(2). Martinez first argues that the district court's failure to admonish him that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(2) stated an element that had to be proved to a jury rendered his plea involuntary. Pursuant to Almendarez-Torres v. United States, 523 U.S. 224, 243 (1998), this element did not have to be proved to a jury. Accordingly, this argument lacks merit. He acknowledges that Almendarez-Torres controls, but he raises this issue to preserve it for review by the Supreme Court.

Martinez next argues that the district court erred in upwardly departing from the Sentencing Guidelines recommendations when imposing sentence. The district court gave acceptable reasons

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for assessing a departure, and the departure itself was not unreasonable.  See United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc).  Accordingly, the district court did not abuse its discretion in assessing the upward departure.  Because Martinez has failed to demonstrate error on the part of the district court, the judgment of that court is AFFIRMED.